**KARNS et v TROSTEL et**

Ohio Appeals, 2nd Dist, Miami Co

No 288.   Decided Nov 30, 1932

Paul G. Gingrich for plaintiff in error.
Thomas, Hyers & Layland, Dayton, for defendant in error.

KUNKLE, J.

Counsel for plaintiff in error seriously object to the court's treating the motion of defendant in error as a demurrer.

Upon a consideration of the authorities cited, we think the trial court was clearly within its province in treating this motion to strike out as a demurrer. Among the authorities that might be cited in support of the action of the trial court in treating this motion to strike out as a demurrer are 18 O.C.C. (N.S.), **page 429** in which one paragraph of the syllabus is as follows:

"Because a pleading is demurrable is no ground for striking it from the files; the proper practice is to consider the motion as a demurrer, grant it and then give leave to amend, if desired and proper."

In the **61 Oh St, page 61** the syllabus among other things contains the following:

"In the Common Pleas the motion to strike out should have been treated as a general demurrer to the answer and sustained."

We are of opinion also that the lower court was justified in not only treating the motion as a demurrer but also in sustaining the demurrer.

It appears from the different averments

of the petition that plaintiff in error's decedent was upon the premises of the defendant solely for purposes of his own and not for any purpose or business of defendant in error; that he was on the premises of defendant merely by the acquiescence of defendant.

We cannot escape the conclusion from the averments of the petition but that the decedent was merely a licensee and that the defendant in error owed no duty to such decedent except that he would not wantonly or willfully injure him and to exercise ordinary care if such decedent was discovered in peril. We find nothing in the record which would indicate a hidden peril.

Among the authorities cited by counsel for defendant in error in their brief is the case of **Hannan, Admr. v Ehrlich, 102 Oh St, 176.**

The second, third and fourth paragraphs of the syllabus are as follows:

"(2). The words 'permitted, allowed and acquiesced' imply no inducement, allurement or enticement and should be considered as creating the relation of licensor and licensee.

(3). Actionable negligence exists only where the one whose act causes or occasions the injury owes to the injured person a duty created either by contract or by operation of law which he has failed to discharge.

(4). A licensee takes a license subject to its attendant perils and risks; and the licensor owes him no duty except to refrain from wantonly or willfully injuring him and to exercise ordinary care after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions."

From the reasoning contained in the above and other Ohio decisions, we are of opinion that the trial court properly sustained the demurrer, and in as much as counsel for plaintiff in error did not desire to amend that the petition was properly dismissed. Finding no error in the record which we consider prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.